Mayor and Aldermen. of City of Vicksburg v. Vicksburg Sanitorium.

[78 South 702, Division A.]

1. Taxation. *Liability for taxes. Charitable institutions. Hospitals. Hospital or charitable institutions.*

Under Code 1906. section 2451, subd. F. (Hemingway's Code, section 6878, Subd. F.), Laws 1916, chapter 100, providing that property used for "hospital or other charitable institutions" shall be exempt from taxes, the term "hospital or charitable institutions" carries with it the idea of a charity, and such exemption from

taxation applies only to such hospitals as are charitable institutions, and not to institutions whose primary purpose is to treat patients for pay.

APPEAL from the circuit court of Warren county. Hon. E. L. BRIEN, Judge.

Petition by the Vicksburg Sanitorium to the Mayor and Aldermen of the city of Vicksburg for relief from municipal taxation. Upon denial of this petition an appeal was taken to the circuit court where judgment was rendered for the petitioner, from which the city appeals.

The facts are fully stated in the opinion of the court.

*Anderson, Voller & Kelly,* for appellant.

We admit in the outset that the letter of this paragraph seems to sustain appellee's contention. It is found in section 4251 of the Code which declares what property shall be exempt from taxation, and after reciting different classes of property so exempt it reaches paragraph "F" which says: "Property appropriated to and occupied and used for any hospital or charitable institution."

The question then is, what does this paragraph mean? Does it mean to exempt from taxation all hospital or sanitariums even though they be privately owned and charge for treatment of their patients? Or was it the intention of the legislature only to exempt public, free or charity hospitals? Can it be held that private hospitals like this which charge its patients for treatment and which were erected and instituted as an investment like a sawmill, a mercantile establishment, a bank or any other institution created for a pecuniary profit to its owners—is exempt from taxation? Surely not. We find on investigation that in every Mississippi Code from, and including the Code of 1857 down to and including the Code of 1906 this identical provision is found. We have never heard until now that it was

ever attempted to be applied to private pay hospitals or that it was ever contended that the statute was intended to exempt such from taxation.   The very words of the paragraph themselves suggests that only charity hospitals were intended to be exempt when it says that property appropriated to and occupied and used for a hospital or "charitable institution."   It is evident from this wording that it was intended that the word "charitable" should apply to "hospital" as well as to "institutions."

So we say, there is no good reason for their being exempt, and therefore we cannot believe that the legislature intended this statute to have that effect.   We find the following authorities on that proposition: "Exemption from taxation is usually granted by statute or constitution to the property of charitable organizations or institutions of purely public charity; and this does not necessarily mean an institution solely controlled and administered by the state, but includes private institutions for purposes of public charity, which are not administered for private gain, and may include foreign corporations, unless the terms of the exempting statute are such as to exclude foreign corporations." 37 Cyc. 926.

"Again the word 'charity' is not restricted to the relief of the sick or indigent, but extends to other forms of philanthropy or public beneficence; and if an institution is essentially a public charity, free from the element of private or corporate gain, its character as such is not affected by the fact that it receives some revenue from the recipients of its bounty, which is devoted to the maintenance of the institution or purposes of its charity." 37 Cyc. 927.

A public hospital is a charitable institution, or under some statutes an almshouse, so as to be exempt from taxation; but not so if it is entirely self-supporting or is conducted for private gain or as an adjunct to a .

medical college, or is private in the sense that the public have no right of admission to it." 37 Cyc. 929.

As throwing further light upon the proposition, we cite the following authorities: "If an exemption from taxation is granted generally to schools or educational institutions, without requiring that they shall be public or charitable institutions, it may be claimed by a private school maintained by an individual or corporation as a business enterprise."

But see further:. "In some states, however, it is considered that such an institution is not within the spirit of the exemption laws and this is clearly the case where the exemption is limited to school property 'not used with a view to profit.' " 37 Cyc. 933, and note 39, citing New York and New Jersey cases.

Again, it is a familiar principle that statutes exempting property, as well as persons, from taxation must be strictly construed, and that in order to effectuate the obvious meaning of the legislature certain terms of the statute may be transposed or substituted entirely by other terms. There two propositions have been recently recognized and emphasized by our own court in the case of *Adams County* v. *Diocese of Natchez*, 110 Miss. 890. In that case the court uses the following language:

"We concede that statutes exempting persons and property from taxation must be strictly construed, but it is also true that there is a relaxation of the rule in the case of statutes of exemption applicable to religious and educational institutions and that the supreme test is in the intent of the legislature."

It will be noted, however, that the "relaxation of the rule" is only applicable to "religious and educational institutions," and that the rule is not relaxed as to hospitals and sanitariums.

We therefore respectfully submit that the contention for appellee, seeking a construction of this statute that would make it smack so strongly of class legislation and of such doubtful constitutionality, as well as so

diametrically opposed to the policy of the state, should be denied and rejected, and that the case should be reversed.

*John Brunini,* for appellee.

Note from the agreed statement of facts that the property of appellee, for which exemption is claimed is "devoted exclusively to its (appellee's) purpose." Appellee contends that it is entitled to exemption from taxation under division F of chapter 100, page 106, which reads as follows: "Property appropriated to and occupied and used for hospital or charitable institutions." Definition of appropriate and hospital. It might be well to fix in our minds the exact definition of the words appropriate and hospital.

To appropriate means to set apart for a particular use or purpose. The act itself, however, gives this definition, because it adds to the words property appropriated to, and occupied and used for a hospital.

The century Dictionary gives as the first definition of the word "hospital" an obsolete definition," a place of shelter and entertainment; an inn." The second definition is as follows: "An institution or establishment for dispensing hospitality or caring for the needy; an asylum for shelter or maintenance. This old sense still appears in the term foundling hospital, and in the names of some institutions in Great Britain founded for either the care or education, or both, of persons needing help as, Greenwich Hospital for retired seamen, a national institution; Christ's Hospital for the free education of boys, founded by the corporation of London, chartered in 1553 and often called the Blue Coat school from the uniform of its pupils."

The third definition is appropriate to the subject under discussion. It is as follows: "Now, specifically, an establishment or institution for the care of the sick or wounded, or of such as require medical or surgical

treatment. Hospitals are either public or private, free or paying or both combined, and general or special with respect to the kinds of disease or classes of persons admitted. In ancient Greece the sanctuaries of aesculapius included establishments closely akin to medieval and modern hospitals.''

This should give us no trouble, however, because in the agreed statement, counsel for appellant recognized that a sanitarium is a hospital.

It will, therefore, be seen that neither the words ''appropriated'' or ''hospital,'' carry with them the idea of any exclusive application of these words to charitable institutions. In other words, a hospital may be one for gain or it may be a charitable one.

Let us now examine section 4251 as amended by chapter 100 of the Acts of 1916, which governs the exemption in this case. As heretofore quoted Division (f) thereof reads as follows: ''Property appropriated to and occupied and used for hospital or charitable institution.''

It does not say charity hospital. Appellant undertakes to say, however, that the appended words or charitable institution by implication limit hospitals so exempted to charity ones. This might be true if some appropriate word was used with the words, ''or charitable institution,'' such as, ''or other charitable institutions.''

Division (d) reads as follows: ''All property, real or personal, belonging to any religious or charitable society and used exclusively for the purposes of such society, and not for profit.''

It will be observed that the legislature restricted the exemption of this part of Division (d) to property which was not used for profit. In the same division all property, real or personal, belonging to any college or institution for the education of youths used directly and exclusively for such purposes was exempted from taxation, and this too whether property was for profit or not.

In other words, the legislature in the very same enactment restricted the exemption to charitable uses or not, just as it determined in its own good discretion.

The last exemption in division (d) reads as follows: "All property, real and personal, owned and occupied by fraternal and benevolent organizations, when used by such organizations and from which no rentals or other profits accrue to the organization."

The legislature here again declined to exempt property of the class named where rentals or other profits accrue to the owner.

On page 4, appellant quotes from 37 Cyc. 926, to show what property "is usually" exempted from taxation by the various states. That's not the question here. It is wholly irrelevant to consider what property is usually exempted from taxation by other states. Mississippi has a right to exempt property from taxation, even though it might not be usually done by other states. An examination of the text quoted by appellant is authority against its contention, for instance, it says: "And may include foreign corporations unless the terms of the exempting statute are such as to. exclude foreign corporations."

Now our statute exempts hospitals; it does not exclude those hospitals operated for profit.

The quotation found in appellant's brief (page 4), 37 Cyc. 927, is simply a discussion as to what the word charity includes and has no application whatever to the issue involved in the case at bar.

The next quotation of appellant from 37 Cyc. 929, is a discussion of what is included within the words "public hospital," absolutely wholly irrelevant to the issue involved in this appeal.

The next authority of appellant found on page 4 of its brief, being a quotation from 37 Cyc. 933, is as follows: "If any exemption from taxation is granted generally to schools or educational institutions, without

requiring that they shall be public or charitable institutions, it may be claimed by a private school maintained by an individual or corporation as a business enterprise."

We ask the court to note the number of states supporting this text. Appellant seems to get some consolation from the case of *Adams County* v. *Diocese of Natchez,* 110 Miss. 890, but appellee is not asking for any relaxation of the rules of construction of statutes exempting property from taxation applicable to religious and educational institutions. We recognize, however, that the supreme test is "the intent of the legislature," but wherever there is no ambiguity in the language, its clear import will be unqualifiedly accepted as "the intent of the legislature."

In conclusion, we humbly submit that appellant's contentions are without merit and that the decision of the lower court should be affirmed.

*Sivley Rhodes,* for appellee.

Is the property of the Vicksburg Sanitarium exempt from taxation under the law of this state? The answer to this question involves the construction of paragraph "F" of section 4251 of the Mississippi Code of 1906, which reads as follows: "Property appropriated to and occupied and used for any hospital or charitable institution."

The rule in construing statutes was tersely stated in the case of *City of Holly Springs* v. *Marshall County,* 104 Miss. 752, as follows: "We must look to the intention of the legislature, the spirit of the law, the policy and the purpose of the same, and the legislation upon the subject and if possible a harmonious interpretation should be adopted."

What does section 4251 of the Code mean? It means just what it says, that property appropriated to and occupied and used by any hospital or charitable institution is exempt from taxation. The English language could not be used plainer. The word hospital is

modified by the adjective any, and therefore the word
hospital includes all kinds, sizes, varieties and classes,
public, private, charitable and pay. The adjective char-
itable modifies and explains the noun institution. It does
not relate back and modify and qualify the noun
hospital. Why? For the simple reason that the
legislature intended to make a distinction between all
hospitals and charitable institutions. If it had been the
intent of the legislature merely to exempt from taxation
charitable institutions the words any hospital would not
have been used for the simple reason that the broad
terms charitable institutions covers hospitals of every
kind not being conducted for private gain. The very
grouping of the phrases, the use of the words, indicates
that it was the intent of the legislature to exempt from
taxation every kind of hospital, and also every charitable
institution. While the rules of construction might re-
quire the court to strictly construe this statute, yet this
rule is subject to the limitation, that the statute should
not be so strictly construed as to defeat the obvious
intention of the legislature in enacting same. The in-
tent of the legislature in this case is manifest from
the choice of the very words used.

"What is the purpose of this exemption and why the
policy of the state in exempting from taxation all
hospitals? What is a hospital? It is merely a place
where the sick are received and cared for." American
& English Inc. of Law Vol. 12, page 340. From a
civic and governmental standpoint, is it not to the
interest of the state and the various subdivisions there-
fore to preserve the public health, and to see that the
sick are taken care of and made well? Up to very
recent years there were no charitable hospitals in this
state. The state itself did not, until 1910, establish a
charitable hospital owned entirely and run entirely for
its own interest. Realizing the need for hospitals, and
the necessity for preserving public health, the Miss-
issippi legislature on February 2, 1857; wrote this very

identical statute into the laws of this state. The purpose of the exemption is to create and establish hospitals regardless of whether they are conducted for charity or for profit. The more hospitals a state has, regardless of their nature, the more will suffering humanity be taken care of.

The agreed statement of facts in this case shows that from time to time the Vicksburg Sanitarium treats charity patients. It is a matter of common knowledge that all hospitals do charity work, regardless of whether they are being conducted for private gain or not. When a patient goes to one of the private hospitals like the Vicksburg Sanitarium, if it is an urgent case, who ever heard of those in authority stopping and demanding to know if the patient was able to pay. They go right ahead and administer to the sick first, and pay is an afterthought. If the patient is able to pay, of course they expect him to pay, otherwise they do not. It is also a matter of common knowledge that in these hospitals run for private gain, nurses are trained free of charge, and in most instances are paid in addition for their services—thus do they contribute to suffering humanity in this way—by training nurses to nurse the sick. Bearing these things in mind, can it be said that private hospitals ought to be taxed like sawmills, mercantile establishments, and banks, etc.

The language of the statute is plain—the letter of the law and the spirit and intent of the legislature are the same. From a careful consideration of the facts in this case, and a reasonable and proper construction of section 4251 of the Code of 1906, I respectfully contend that the public policy of this state would not be violated, but would be justly upheld by the court affirming this case.

I submit that under the law of this state, the Vicksburg Sanitarium is exempt from taxation.

SMITH, C. J., delivered the opinion of the court.

Appellee filed its petition with appellant, praying to be relieved of municipal taxes on certain real property hereinafter described, claiming that it is exempt from taxation under subdivision (f) section 4251, Code of Mississippi (chapter 100, Laws of 1916; Hemingway's Code, section 6878), which provides that "property appropriated to and occupied and used for hospital or charitable institution" shall be exempt from taxation. Appellant having declined to comply with the prayer of this petition, an appeal was taken to the court below, wherein judgment was rendered for appellee, from which judgment this appeal is taken. The case was submitted to the court below on an agreed statement of facts, setting forth that:

"The Vicksburg Sanitarium is a privately owned Mississippi corporation, with its domicile in Vicksburg, Warren county, Miss. It is the owner of the west half of lot 240 in square 40 of 'Vicksburg Proper,' upon which it has a building devoted exclusively to its purposes. The board of mayor and aldermen of the city of Vicksburg assessed for municipal purposes the lot, together with the improvements thereon, for taxes for the year 1917. The entire property of this corporation, both real and personal, is appropriated to and occupied and used as a hospital. From time to time, it treats charity patients, but care of such patients is not its principal purpose; its primary purpose is to care for and treat patients for pay. Its entire property is devoted to the care of the sick, and to those who require medical or surgical treatment. The sole question involved herein is whether such property is exempt from taxation."

It may be that an institution, the primary purpose of which "is to care for and treat patients for pay," may be referred to as a hospital, but the word "hospital," primarily and in its common acceptation, and particu-

larly in the connection in which it is here used, carries. with it the idea of a charity, the definition thereof given in Webster's New International Dictionary, Edition of 1910, being:

"An institution or place in which sick or injured are given medical or surgical care, commonly in whole or in part at public expense or by charity; also, a place for the cure or treatment of sick or injured animals."

We are of the opinion, therefore, that the legislature intended to exempt from taxation only such hospitals. as are charitable institutions.

The judgment of the court below will be reversed, and the order entered by appellant dismissing the petition will be reinstated.

*Reversed.*